**Hughes A. BAGLEY and Marilyn B. Bagley, Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 86–1396.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1986.

Decided Nov. 25, 1986.

Rehearing Denied Jan. 22, 1987.

Sam S. Killinger, Sioux City, Iowa, for appellants.

Teresa E. McLaughlin, Washington, D.C., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and NICHOL,* Senior District Judge.

PER CURIAM.

Hughes A. Bagley and Marilyn B. Bagley, husband and wife, appeal from a final judgment of the United States Tax Court,[1] finding deficiencies in income tax due for the tax year 1978. For reversal appellants argue that (1) the stock option granted to Hughes Bagley was not compensation for services performed and thus the $70,000 paid to Bagley for the termination of the option was taxable as capital gains rather than as ordinary income and (2) the $50,000

---

* The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. The Honorable William M. Fay, Judge, United States Tax Court.

consulting fee paid by Spencer Foods should have been taxed to Herford Trading Corp., a corporation wholly owned by Bagley.

Bagley and his employer, Spencer Foods, Inc. (Spencer), entered into an employment contract on November 5, 1975, in which Bagley agreed to work for Spencer for five years as vice president of its fabricating division. The employment agreement provided that Bagley would receive a fixed annual salary, a discretionary bonus and a qualified stock option to purchase 10,000 shares of common stock of Spencer. The agreement further provided that if Spencer were acquired by another entity, Bagley would have the right to receive in exchange for his option an amount equal to the difference between the option exercise price and the closing market price of Spencer stock on the closing date of such acquisition. The agreement further provided that if Bagley's employment was terminated by Spencer prior to the five-year term other than for certain specified reasons, the option would remain in effect.

A separate agreement entitled "Spencer Foods, Inc. Option Agreement—1969 Qualified Stock Option Plan" (option agreement), dated November 21, 1975, granted Bagley an option to purchase 10,000 shares of Spencer stock at an exercise price of $5 per share. Bagley agreed to remain employed by Spencer for not less than two years.

In August 1978 Land O' Lakes, Inc., a Minnesota corporation, made a tender offer to purchase all the issued and outstanding shares of Spencer's common stock at $12 per share. Subsequently, Spencer and Bagley terminated their employment relationship and entered into an agreement and release dated September 1, 1978. Pursuant to the agreement, Bagley resigned as an officer, released Spencer from any further liability under the employment agreement and agreed to provide consulting services for one year for a fee of $50,000 payable September 8, 1978. Spencer paid Bagley $7 for each of the 10,000 shares subject to the option, for a total of $70,000. This amount represented the difference between the $5 per share option exercise price and the $12 per share Land O' Lakes tender offer.

In January 1978, prior to the Land O' Lakes tender offer, Bagley formed a corporation called the Herford Trading Corporation. Bagley was the sole owner of the stock and president of the corporation.

Bagley and his wife filed a joint return for 1978 and reported the $70,000 received in exchange for the option termination as a long-term capital gain. The $50,000 consulting fee was reported on the corporate return of Herford Trading, rather than on the Bagleys' personal return.

The Commissioner assessed a deficiency, determining that the $70,000 received by Bagley was taxable as ordinary income and that the $50,000 consulting fee was taxable to the Bagleys rather than to Herford Trading.

■ The tax court, in a well-reasoned opinion, held that the $70,000 received by the Bagleys should be treated as compensation under I.R.C. § 83 and therefore taxable as ordinary income. *Bagley v. Commissioner*, 85 T.C. 663 (1985). The tax court determined that the termination of Bagley's option was governed by § 83 of the Internal Revenue Code of 1954 because the option had been granted in connection with Bagley's performance of services for Spencer. *Id.* at 669. The tax court further determined that § 421 of the Code, which applies to certain statutory stock options, did not apply to the option held by Bagley; consequently, the option termination did not come within the exception to the scope of § 83. *Id.* at 670. The tax court, applying the relevant Treasury Regulations, ruled that Bagley's disposition of the option, which did not have a readily ascertainable fair market value at the time of the grant of the option, resulted in compensation taxable as ordinary income. *Id.* at 674.

■ The tax court also sustained the Commissioner's determination that the $50,000 consulting fee paid to Bagley by Spencer was taxable to him individually

rather than to Herford Trading because Bagley failed to prove that he was the agent of Herford Trading at the time he performed the services and received the consulting fee. *Id.* at 676.

We have thoroughly reviewed the record in this case and find no error of fact or law in the tax court's well-reasoned opinion. Accordingly, we affirm the judgment of the tax court. *See* 8th Cir.R. 14.