**PAGEL, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 89–1016.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1989.

Decided June 15, 1990.

John W. Lundquist, Minneapolis, Minn., for appellant.

Nancy G. Morgan, Washington, D.C., for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

Pagel, Inc. (Pagel) appeals from a United States Tax Court decision that income derived from Pagel's sale of a stock option was taxable as ordinary income under 26 U.S.C. § 83 (1976). We affirm.

Pagel received a nonqualified stock option in 1977 as partial compensation for underwriting a stock offering on behalf of Immuno Nuclear Corp. (Immuno). This option gave Pagel the right to buy Immuno shares at scheduled prices but restricted Pagel from exercising or disposing of the option for thirteen months after its grant. At the time of receipt, Immuno options were not publicly traded. Pagel sold the Immuno option in 1981 and reported the sale as a capital gain.

■ Section 83 provides that the excess of the fair market value of property received in compensation for services over the amount, if any, paid for the property shall be taxed as ordinary income. 26 U.S.C. § 83(a) (1976). If an option received as compensation is not publicly traded and the optionee is restricted from immediately exercising or disposing of the option, the option has no readily ascertainable fair market value. Treas.Reg. § 1.83–7(b)(2) (1978). In that case, section 83 will apply at the time the option is exercised or disposed of. *Id.* § 1.83–7(a). Because the Immuno option had no readily ascertainable fair market value at the time Pagel received it, the Commissioner of Internal Revenue (the Commissioner) rejected Pagel's claimed capital gain treatment, instead treating the proceeds of the sale as ordinary income and assessing a deficiency against Pagel.

■ Pagel contends sale of the Immuno option should not be taxed as ordinary income because subsection 83(e)(3) provides "section [83] shall not apply to ... the [grant] of an option without a readily ascertainable fair market value" at the time of the grant. We reject this contention. Pagel mistakenly reads subsection 83(e)(3) in isolation from the remainder of the statute. *See United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). Here subsections 83(e)(3) and 83(e)(4) must be read together.

Subsection 83(e)(4) provides that "section [83] shall not apply to ... the [exercise or disposal] of an option with a readily ascertainable fair market value" at the time it is granted. When read together, it is clear subsections 83(e)(3) and 83(e)(4) provide a blueprint for determining when section 83 shall apply to compensatory options and for avoiding income recognition both at the time of grant and at exercise or disposition. Under subsections 83(e)(3) and (e)(4), if an option has a readily ascertainable fair market value when granted, the recipient must recognize ordinary income at the time of grant but not at the time of exercise or disposal; if an option does not have a readily ascertainable fair market value when granted, the recipient must recognize ordinary income at the time of exercise or disposal but not at the time of grant. *Bagley v. Commissioner*, 85 T.C. 663, 671 (1985), *aff'd*, 806 F.2d 169, 170–71 (8th Cir. 1986) (per curiam). *See generally* B. Billman, *Restricted Property—Section 83*, 384 Tax Mgmt. (BNA) § IV, at A–53 to –54 (Oct. 24, 1988). We conclude the Commissioner properly determined the sale of the Immuno option was taxable as ordinary income in Pagel's 1981–82 tax year.

■ Pagel argues in the alternative it should have reported the option as ordinary income in its 1977–78 tax year because a number of recognized formulas are capable of measuring the fair market value of a restricted option at the time of the option's grant. *See Pagel v. Commissioner*, 91 T.C. 200, 206–08 (1988). Pagel contends

the Commissioner's definition of "readily ascertainable fair market value" in Treas. Reg. § 1.83–7(b)(2) arbitrarily prevents restricted options from being taxed under section 83 at their true value as determined by the formulas. Pagel thus claims the regulation is inconsistent with the language of section 83. We cannot agree.

The Tax Court correctly observed that "'Congress has delegated to the Commissioner, not to the courts, the task of prescribing all needful rules and regulations for the enforcement of the Internal Revenue Code.'" *Pagel,* 91 T.C. at 218–19 (quoting *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 449–50, 19 L.Ed.2d 537 (1967)). The Tax Court also observed that respect for Congress's delegation suggests "Treasury regulations [should not] be rejected unless they are unreasonable and plainly inconsistent with the [revenue] statute[s]." *Id.* at 219 (citing *Bingler v. Johnson,* 394 U.S. 741, 750, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969) and *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948)). The Tax Court recognized Treas.Reg. § 1.83–7(b)(2) "further[s] a policy under which there is reasonable accuracy in the valuation of nonpublicly traded options." *Pagel,* 91 T.C. at 221. We agree this policy is neither plainly contrary to the language of section 83 nor inconsistent with the statute's legislative aims.

Noting that Treas.Reg. § 1.83–7(b)(2) adopted the definition of "readily ascertainable fair market value" contained in Treas. Reg. § 1.421–6(c)(3)(i) (1961), the Tax Court carefully tracked Congress's activity in adopting and amending statutory provisions concerning compensatory options. *Pagel,* 91 T.C. at 216–22. When Congress enacted section 83 in 1969 and amended the statute relating to qualified employee options in 1976, Congress was aware of the regulations' definition, but did not enact any provisions to alter the regulation. *Id.* at 217, 220. Because the regulatory definition of readily ascertainable fair market value has been in place since 1961, the Tax Court concluded that Congress's failure to amend the definition shows "[Congress has] not perceive[d] the regulat[ion] to be

unreasonable or plainly contrary to congressional intent." *Id.* at 221. We agree.

Having carefully considered Pagel's contentions, we affirm the decision of the Tax Court.