T.C. Summary Opinion 2003-69

UNITED STATES TAX COURT

ROBERT A. BUCKLEY, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5696-02S.                    Filed June 9, 2003.

Robert A. Buckley, Jr., pro se.

<u>Kathryn K. Vetter</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in the amount of $167 in petitioner's 1999 Federal income tax. This Court must decide whether a payment received by petitioner's spouse from her employer in exchange for the termination of employee stock options is taxable as a capital gain or ordinary income and whether petitioner is entitled to a credit for payment of excess Subtitle C-Employment Taxes. Secs. 6211(a), 6214, 7442 (FICA taxes).

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Manteca, California, at the time he filed his petition.

During 1999, petitioner was married to Darla K. Buckley (Mrs. Buckley). Mrs. Buckley was employed by BFI Waste Systems of North America, Inc. (Systems) in 1999. As part of Mrs. Buckley's employment by Systems, she was granted options to purchase 300 shares of Systems stock. In 1999, Systems merged with another company. The Systems Stock Option "Merger Plan" provided that Mrs. Buckley would receive $4,650 on the cancellation of her stock options. Mrs. Buckley's stock options were canceled in 1999 for $4,650.

Systems issued a Form W-2, Wage and Tax Statement, to Mrs. Buckley for 1999. Wages of $53,937 (all amounts are rounded) were reported on the Form W-2. The $53,937 wage amount included the $4,650 payment received by Mrs. Buckley for her canceled

stock options.  Systems withheld Social Security and Medicare taxes (FICA taxes) totaling $356 from the $4,650 payment.

Petitioner and Mrs. Buckley jointly filed a 1999 Federal income tax return.  On the return, petitioner and Mrs. Buckley reported wages of $49,287 and a capital gain of $4,650.  The $4,650 capital gain was reported on Schedule D, Capital Gains and Losses, as the sale of 300 shares of Systems.  The $356 of FICA taxes withheld from the $4,650 was claimed as a payment on Line 62, "Excess social security and RRTA tax withheld".

Respondent determined that the $4,650 received by Mrs. Buckley on the cancellation of the Systems stock options was taxable as ordinary income.  Respondent also disallowed the claimed excess FICA taxes withheld of $356.

In general, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Petitioner does not argue the applicability of section 7491(a), and the record reflects that section 7491(a) does not apply.

Section 83(a) generally provides that when property is transferred to a taxpayer in connection with the performance of services, the excess fair market value of the property over the amount, if any, paid for the property, is includable as compensation in the gross income of the taxpayer who performed the services.  See also sec. 1.83-1(a)(1), Income Tax Regs.

"Where [as in the instant case], the option itself is transferred or canceled prior to exercise, section 421 is not applicable, and the gain realized on such cancellation or transfer is compensation." Mitchell v. Commissioner, 65 T.C. 1099, 1110 (1976), affd. 590 F.2d 312 (9th Cir. 1979). We further held in Bagley v. Commissioner, 85 T.C. 663 (1985), affd. 806 F.2d 169 (8th Cir. 1986), that a payment received by the taxpayer from an employer in exchange for the cancellation of stock options was includable in gross income as compensation pursuant to section 83.

Petitioner has provided no evidence to support his contention that the $4,650 payment received to cancel Mrs. Buckley's Systems stock options was taxable as a capital gain. Mrs. Buckley received her stock options as part of her employment with Systems. In exchange for canceling Mrs. Buckley's stock options, Systems paid her $4,650. Thus, since Mrs. Buckley's stock options were received in connection with her employment with Systems and canceled prior to being exercised, section 83(a) applies. Sec. 1.83-7(a), Income Tax Regs.

Under section 83(a), Mrs. Buckley realized ordinary income at the time she received the $4,650 payment from Systems to cancel the stock options. Bagley v. Commissioner, supra; sec. 1.83-7(a), Income Tax Regs. Since Mrs. Buckley paid nothing upon the grant or the cancellation of the Systems stock options, her amount paid is zero. Accordingly, we sustain respondent's

determination that the $4,650 received by Mrs. Buckley on the cancellation of the Systems stock options is taxable as ordinary income under section 83(a).

Next, we consider whether petitioner is entitled to a credit with respect to the $356 of FICA taxes withheld from the $4,650 payment received by Mrs. Buckley.  Petitioner did not mention the claimed excess FICA credit issue at trial, and we deem this issue to be conceded.

Nevertheless, this Court's jurisdiction in determining a credit of FICA taxes is expressly limited by section 31(b) to FICA taxes withheld as a result of receiving wages from more than one employer.  Chatterji v. Commissioner, 54 T.C. 1402, 1405 (1970).  Section 31(b) does not apply in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.