T.C. Summary Opinion 2007-64

UNITED STATES TAX COURT

ORLANDO BUJOSA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19816-03S.          Filed April 26, 2007.

<u>Ralph J. Pocaro</u>, for petitioner.

<u>Joseph J. Boylan</u>, for respondent.

NIMS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The issues for decision are: (1) Whether petitioner may challenge his underlying tax liabilities; (2) if he may, whether remand to Appeals is necessary; and (3) if remand is not necessary, whether respondent's rejection of petitioner's offer-in-compromise constitutes an abuse of discretion.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts as stipulated are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Linden, New Jersey.

Petitioner earned nonemployee compensation from L&P Trucking in the amounts of $22,815 for 1987 and $20,830 for 1988, which amounts were reported on Forms 1099-MISC, Miscellaneous Income. In 1988 petitioner also received $2,341 in wages reported on Form W-2, Wage and Tax Statement (Form W-2), from The Newark Group and wages reported on Form W-2 in the amount of $45 from Beacon Hill Club. However, petitioner failed to file income tax returns for

taxable years 1987 and 1988. Respondent mailed statutory notices of deficiency for 1987 and 1988 to petitioner at his last known address on March 9, 1994. Petitioner did not request judicial review of these deficiencies.

On February 5, 2002, respondent issued and mailed a Final Notice - Notice of Intent to Levy and Notice of your Right to a Hearing regarding taxable years 1987 and 1988 to petitioner. This notice sought to collect taxes and additions to tax in the amounts of $9,973.28 and $12,467.41, respectively, for 1987 and $11,091.20 and $11,194.60, respectively, for 1988. Petitioner timely requested a hearing regarding the proposed collection action. Petitioner received a hearing consisting of telephone conferences on November 25, 2002, and March 25, 2003. The discussions primarily centered around an offer-in-compromise (OIC), as the Appeals officer advised that petitioner's underlying tax liabilities would not be considered.

After several attempted submissions, on April 23, 2003, petitioner finally made a complete and reviewable offer based on doubt as to collectibility. The Appeals officer forwarded the OIC to respondent's offer specialist for consideration. The offer specialist reviewed the offer and made repeated requests of petitioner for additional information. Petitioner failed to respond to any of the requests, so respondent's offer specialist returned the OIC to the Appeals officer. The Appeals officer

subsequently made the determination that the proposed levy action was appropriate for the taxable years 1987 and 1988, and a Notice of Determination was issued.

## Discussion

Before a levy may be made on any property or right to property, a taxpayer is entitled to notice of the Commissioner's intent to levy and notice of the right to a fair hearing before an impartial officer of the Internal Revenue Service (IRS) Appeals Office. Secs. 6330(a) and (b), 6331(d). Taxpayers may raise challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A). The Appeals officer must consider those issues, verify that the requirements of applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C).

After the IRS Appeals hearing process, section 6330 gives this Court jurisdiction to review the Appeals officer's determination. In an appeal to this Court pursuant to section 6330(d), a taxpayer may raise in his petition any issues that he

raised at the Appeals hearing. See sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs. Where the underlying tax liability is properly at issue, we review the Appeals determination with respect to the existence and amount of tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When the underlying tax liability is not properly at issue, we review the Appeals officer's determination using an abuse of discretion standard. Id.

Underlying Tax Liability

First, we must decide whether petitioner's underlying tax liabilities are properly at issue. Petitioner's petition raises, and only raises, the issue of his underlying tax liabilities. In addition to checking the "redetermination of deficiency box," he stated that he "was a truck driver in 1987-1988 and did not have the income so as to owe these taxes." In his request for a hearing, he indicated on the Form 12153, Request for a Collection Due Process Hearing, that he had filed his taxes every year and was not aware of any deficiency. But, during the course of his hearing and in response to his assertion on the Form 12153, the Appeals officer told petitioner that his underlying tax liabilities would not be considered, and the hearing proceeded accordingly.

A taxpayer may raise the issue of the underlying tax liability only if he or she did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Actual receipt of the notice of deficiency is required. Tatum v. Commissioner, T.C. Memo. 2003-115. Generally, no challenge to the underlying tax liability is allowed where there is evidence that a notice of deficiency was mailed to the taxpayer and no factors are present to rebut the presumption of delivery. See Sego v. Commissioner, supra at 611. Where the taxpayer denies receipt of the notice of deficiency and the Commissioner provides only a copy addressed to the taxpayer and no evidence of its actual mailing, receipt for purposes of section 6330(c)(2)(B) is not presumed. Calderone v. Commissioner, T.C. Memo. 2004-240. In the present case, petitioner asserted that he was not aware of any deficiency. Respondent has offered only copies of the notices of deficiency addressed to petitioner and concedes on brief that actual delivery cannot be proven. Therefore, petitioner was entitled to challenge his underlying tax liabilities in his hearing, and the Appeals officer erred in not allowing petitioner's arguments on that issue.

Our de novo review of respondent's determination with respect to petitioner's underlying tax liabilities permits us to consider and resolve the issue. See Priestly v. Commissioner,

T.C. Memo. 2003-267, affd. 125 Fed. Appx. 201 (9th Cir. 2005).

In the case before us, remand to Appeals for consideration of petitioner's tax liabilities would be neither necessary nor productive.  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Sapp v. Commissioner, T.C. Memo. 2006-104; Priestly v. Commissioner, supra.  Further, a remand to respondent's Appeals Office would, more likely than not, needlessly delay the collection of petitioner's tax liabilities plus related additions to tax and interest, which, if the proper amounts have been assessed, are already long overdue.  Priestly v. Commissioner, supra.

Upon examination of the record, we find that petitioner has offered nothing to indicate that any adjustment to respondent's assessments for 1987 and 1988 is warranted.  Petitioner stipulated to the receipt of income from the multiple sources for both taxable years at issue.  Further, petitioner advanced nothing but nebulous protests against the assessed tax liabilities.  His petition simply asserted that he "was a truck driver in 1987-1988 and did not have the income so as to owe these taxes."  His Form 12153 stated only that he had filed his taxes every year, that he was not aware of the liabilities, that he never owned a company, that he did not have any records

reflecting the 15-year-old liabilities, and that he wanted to fix the matter. Petitioner's challenge lacks any substance, and the underlying tax liabilities stand as assessed by respondent.

Levy Action

Having established that petitioner's tax liabilities were as determined by respondent under our de novo review standard, we now review respondent's determination to proceed with collection under an abuse of discretion standard. Under this standard, a determination will be affirmed unless action was taken that was arbitrary or capricious, lacks sound basis in fact, or is not justifiable in light of the facts and circumstances. Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

In the case before us, petitioner did not expressly challenge the Appeals officer's determination with respect to collection, so we must first decide whether this determination is even properly before the Court. In his petition, petitioner checked the box for redetermination of a deficiency and explicitly only raised the issue of his tax liabilities. While Rule 331(b)(4) provides that any issue not raised in the petition is deemed conceded, the circumstances in this case allow us to consider the issue. Consideration of the issue is proper so long as petitioner's failure to provide notice to respondent did not prejudice respondent. See Pagel, Inc. v. Commissioner, 91 T.C. 200, 212 (1988), affd. 905 F.2d 1190 (8th Cir. 1990); Martin v.

Commissioner, T.C. Memo. 2003-288, affd. 436 F.3d 1216 (10th Cir. 2006). Here, the notice of determination concerning collection action was attached to the petition. Respondent acknowledged on brief that this was a "Petition for Lien or Levy Action under Code Section 6320(c) or 6330(d)." Further, respondent contemplated a challenge to the Appeals officer's rejection of petitioner's OIC, which was the only subject of the hearing. So, respondent cannot be considered surprised or prejudiced by the Court's consideration of this issue.

We must therefore decide whether respondent's rejection of petitioner's offer-in-compromise was an abuse of discretion. Section 7122 provides respondent with the authority to grant an offer-in-compromise as an alternative to collection action. Respondent grants an OIC when there is a doubt as to the actual tax liability, doubt as to collectibility, or for other purposes relating to effective tax administration. Sec. 301.7122-1, Proced. & Admin. Regs.; 1 Administration, Internal Revenue Manual (CCH), sec. 5.8.1.1.2, at 16,253.

Petitioner's offer based on doubt as to collectibility was taken under consideration by respondent's offer specialist. Doubt as to collectibility "exists in any case where the taxpayer's assets and income are less than the full amount of the liability." Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. Evaluation of an OIC based on doubt as to collectibility requires

complete financial information from the taxpayer.  <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20.  Where the taxpayer fails to provide the necessary information, rejection of the OIC does not constitute an abuse of discretion.  See <u>id.</u>; <u>Willis v. Commissioner</u>, T.C. Memo. 2003-302.  In this case, respondent's OIC specialist made, and petitioner failed to respond to, repeated requests for additional information.  Therefore, we hold that there was no abuse of discretion in the rejection of petitioner's OIC.  Respondent's determination to proceed with collection is upheld.

<u>Decision will be entered for respondent</u>.