# United States Tax Court

T.C. Memo. 2024-115

CHRISTOPHER AUBUCHON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 3360-23.             Filed December 23, 2024.

————

Christopher Aubuchon, pro se.

*Daniel A. Reynolds* and *Jordan L. Grace*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WEILER, *Judge*: In a Notice of Deficiency (NOD) dated December 14, 2022, the Internal Revenue Service (IRS or respondent) determined a deficiency of $11,920 in Christopher Aubuchon's 2017 federal income tax return. Before trial respondent sought leave to file a first and a second amendment to his Answer (Amendments to Answer)—which was granted by this Court—to reflect that Mr. Aubuchon had an increased deficiency from additional sources of unreported income for tax year 2017. In the Amendments to Answer respondent also seeks to impose additions to tax under section 6651(a)(1) and (2), as well as an accuracy-related penalty under section 6662(a).[1]

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[\*2]**    The issues for decision are whether for tax year 2017 Mr. Aubuchon (i) had unreported income of $73,796; (ii) received rental income of $13,800; (iii) received partnership income; (iv) had additional unreported taxable income totaling $95,842; (v) is liable for an addition to tax under section 6651(a)(1) for failing to timely file his individual tax return; and (vi) is liable for an accuracy-related penalty under section 6662.[2]

Mr. Aubuchon is a quintessential tax protester, and his defenses raised herein are without merit.[3] The decision, however, turns on respondent's burden of proof and not Mr. Aubuchon's arguments.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by reference.

Mr. Aubuchon is a well-educated man. He holds a doctorate from Stanford University in California and has founded several companies. He resided in Tennessee when he timely filed his Petition.

In 2015 Mr. Aubuchon founded Filld, LLC, a Delaware limited liability company, which was later converted under state law to Filld, Inc. (Filld), and located in Palo Alto, California. Filld sold petroleum products by delivering fuel to customers' vehicles. In 2017 Mr. Aubuchon was employed as the chief executive officer of Filld. He also served as chief technology officer until his termination from Filld in July 2017.

Filld's third-party payroll provider, ADP TotalSource DE IV, Inc., filed two Forms W–2, Wage and Tax Statement, for tax year 2017, reporting total wages paid to Mr. Aubuchon of $73,796. Mr. Aubuchon also contracted with 221 Property Services for the management of rental property he owns in Washington State, which reported to the IRS on

---

[2] In his Amendments to Answer respondent seeks to impose the addition to tax for failing to timely pay under section 6651(a)(2). However, respondent does not address this addition to tax on brief, and therefore we deem it conceded. *See* Rule 151(e)(4) and (5) (requiring that a party's brief state the points and arguments on which he relies); *McLaine v. Commissioner*, 138 T.C. 228, 243 (2012).

[3] We take this opportunity to warn Mr. Aubuchon that we consider his arguments to be frivolous and that his continued assertion of these same arguments before this Court may result in a penalty of up to $25,000 under section 6673(a).

**[*3]** Form 1099–MISC, Miscellaneous Information, that Mr. Aubuchon received $13,800 in rental income in 2017.

Mr. Aubuchon did not file his Form 1040, U.S. Individual Income Tax Return, for tax year 2017 until April 14, 2021.[4] Despite his employment with Filld he reported zero wages on his Form 1040 and reported only $1,350 in unemployment income. On his Form 1040 Mr. Aubuchon claimed a refund of $14,000, which included all his tax withholdings and Social Security and Medicare taxes. Despite being married in 2017, Mr. Aubuchon elected to file as "single" rather than "married filing separate." With his Form 1040 for tax year 2017 Mr. Aubuchon prepared and included IRS Form 4852, Substitute for Form W–2, Wage and Tax Statement, reporting wages of zero, federal income tax withholdings of $6,164, Social Security tax of $2,968, and Medicare tax of $694.

The IRS Frivolous Return Program sent Mr. Aubuchon a letter, notifying him that his tax return claimed one or more frivolous positions and that if his tax return was not corrected immediately, the IRS would assess a $5,000 penalty against him under section 6702. On December 14, 2022, the IRS Frivolous Return Program adjusted Mr. Aubuchon's 2017 tax return to include his Form W–2 wages and determining a deficiency in federal income tax of $11,920. After credit for tax withholdings of $13,999, an overpayment or refund of $2,079 remained due to Mr. Aubuchon. As mentioned above, respondent later filed Amendments to Answer to reflect Mr. Aubuchon's additional sources of unreported income (including rental income of $13,800), additions to tax under section 6651(a)(1) and (2), and an accuracy-related penalty under section 6662(a). The Amendments to Answer also assert $95,842 in unreported income derived from several sources including Filld, Angellist, E*TRADE, and Coinbase.com.

OPINION

I.  *Burden of Proof*

In general, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). That presumption, however, applies only to the determinations in a Notice of Deficiency. If the Commissioner asserts an

---

[4] Mr. Aubuchon asserts that filing his 2017 return on this date was timely; however, his return was due on or around April 15, 2018.

**[\*4]** increased deficiency or new matter after a Notice of Deficiency is issued, then the burden of proof as to the increased deficiency or new matter is on him. Rule 142(a)(1);[5] *Wayne Bolt & Nut Co. v. Commissioner*, 93 T.C. 500, 507 (1989). Section 7522(a) requires that the NOD "describe the basis for . . . the tax due." A new theory that is presented to sustain a deficiency is treated as new matter when it either alters the original deficiency or requires the presentation of different evidence. *Wayne Bolt & Nut Co.*, 93 T.C. at 507. The Commissioner may raise a new theory if the taxpayer receives fair warning of the intention to base an argument upon the new theory and the taxpayer is not unfairly surprised or prejudiced by it. *See Pagel, Inc. v. Commissioner*, 91 T.C. 200, 211–12 (1988), *aff'd*, 905 F.2d 1190 (8th Cir. 1990); *Santos v. Commissioner*, T.C. Memo. 2019-148, at \*11.

II.     *Unreported Income*

Gross income includes "all income from whatever source derived." I.R.C. § 61(a). In cases of unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer with an income-producing activity or otherwise demonstrate that the taxpayer actually received unreported income. *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019). After the Commissioner makes a requisite threshold showing, the burden of proof is with the taxpayer to prove by a preponderance of the evidence that the Commissioner's determination was arbitrary or otherwise erroneous. *Helvering v. Taylor*, 293 U.S. 507, 515 (1935); *Tokarski v. Commissioner*, 87 T.C. 74 (1986); *see also Page v. Commissioner*, 58 F.3d 1342, 1347 (8th Cir. 1995), *aff'g* T.C. Memo. 1993-398.[6]

III.     *Analysis*

Mr. Aubuchon does not dispute his employment and earnings of $73,796 as reported by Filld on his Forms W–2 for the tax year at issue. Nor did he dispute the additional unreported rental income of $13,800 asserted by respondent in his Amendments to Answer. Rather, he makes

---

[5] Rule 142(a) places the burden of proof on the Commissioner "in respect of any new matter"—i.e., "new" in the Commissioner's answer, as opposed to the NOD.

[6] Section 7491(a) provides that the burden of proof may shift to the Commissioner if the taxpayer "introduces credible evidence with respect to any [relevant] factual issue" and satisfies three additional conditions. Mr. Aubuchon does not contend, and the record does not establish, that the burden of proof shifts to respondent under section 7491(a)(1). Therefore, the burden remains with him as to the deficiency found in respondent's NOD.

[*5] the frivolous assertion that his earnings are not "federal wages" from an income-producing activity of a U.S. source under the Code.

We generally do not address frivolous arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). Mr. Aubuchon's assertion that his earnings are not taxable income has been identified as a "frivolous position" in I.R.S. Notice 2010-33, 2010-17 I.R.B. 609, and we have done the same. *See, e.g.*, *Walker v. Commissioner*, T.C. Memo. 2022-63; *Briggs v. Commissioner*, T.C. Memo. 2016-86; *Lovely v. Commissioner*, T.C. Memo. 2015-135, *aff'd*, 642 F. App'x 268 (4th Cir. 2016).

At trial respondent introduced bank statements belonging to Mr. Aubuchon from his Stanford Federal Credit Union account reflecting deposits totaling $95,842 during tax year 2017.[7] Respondent called Mr. Aubuchon and had him verify his account and these deposits totaling $95,842. Mr. Aubuchon, however, also testified that the deposits were not income but were deposits of cash savings from other accounts he owned or repayments of loans.

When a taxpayer fails to maintain, or provide, records sufficient to establish income and expenses, the Commissioner may reconstruct said income by examining bank deposits. I.R.C. § 446(b); *DiLeo v. Commissioner*, 96 T.C. 858, 867 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992); *Petzoldt v. Commissioner*, 92 T.C. 661, 687 (1989). We have said bank deposits are prima facie evidence of income, and we are to generally assume that all money deposits constitute taxable income. *DiLeo*, 96 T.C. at 868 (citing *Price v. United States*, 335 F.2d 671, 677 (5th Cir. 1964)). We have also said, however, that when the bank deposit method is employed, "the Government must [also] take into account any non-taxable source[s] . . . of which it has knowledge." *Id.* (quoting *Price*, 335 F.2d at 677). Nontaxable sources include funds attributable to inter-account bank transfers and returned checks, as well as "loans, gifts, inheritances, or assets on hand at the beginning of the taxable period." *Burgo v. Commissioner*, 69 T.C. 729, 743 n.14 (1978) (quoting *Troncelliti v. Commissioner*, T.C. Memo. 1971-72, 30 T.C.M. (CCH) 297, 301).

On the basis of the evidence before us, we will sustain the entire deficiency determined in respondent's NOD. With respect to Mr.

---

[7] On brief respondent contends he "concedes that a portion of deposits appear to be nontaxable, but there are $95,841.79 of excess deposits that appear to be taxable."

[*6] Aubuchon's unreported income raised in respondent's Amendments to Answer—and asserting an increased deficiency amount—we conclude respondent has met his burden of proof with respect to some sources of unreported income. These sources include rental income of $13,800; bank deposits received from several sources including $12,495 from Filld (which is in addition to his Form W–2 wages) and $5,000 from Exojoule, LLC (Exojoule); and various sales of securities including $15,019 from E*TRADE and $3,006 from Coinbase.com.

However, considering the limited evidence presented, we are unable to conclude respondent has met his burden of proof with respect to all deposits found in Mr. Aubuchon's Stanford Federal Credit Union account. Specifically, there is nothing in the record supporting a conclusion that (i) the electronic deposit of $29,173 made March 25, 2017, resulted from a sale of securities or (ii) the electronic deposits of $3,000 on January 20 and February 7, 2017, $5,000 on March 4, 2017, and $18,000 on July 25, 2017, are funds from an income-producing activity. Rather, we view these "electronic deposits" to be synonymous with "electronic transfers" likely between accounts of Mr. Aubuchon and not gross receipts. Other than Mr. Aubuchon's employment and business activities with Filld and Exojoule, the record is void as to what other business activities (if any) Mr. Aubuchon conducted to derive income in tax year 2017. Accordingly, aside from those deposits attributable to Filld, E*TRADE, Coinbase.com, and Exojoule, we find the record to be unclear and insufficient to support a conclusion that these remaining electronic deposits are sources of unreported income by Mr. Aubuchon.

Partnerships usually do not pay income tax; a partnership's taxable income is generally computed first at the partnership level and then reported as distributive shares by its partners. *See* I.R.C. §§ 701, 703, 702. In effect, a partner is subject to tax in his individual capacity (and at individual tax rates) on his "distributive share" of partnership income; and said partnership income is determined without regard to whether the partnership distributes any sale proceeds to the partner. *See* I.R.C. § 704; *United States v. Basye*, 410 U.S. 441, 454 (1973); Treas. Reg. § 1.702-1(a).

Based on these well-established principles found in the Code, and the Schedule K–1 from Angellist which was acknowledged by Mr.

[*7] Aubuchon at trial,[8] we will sustain this adjustment to Mr. Aubuchon's income and include $82 of partnership income.[9]

In sum, we will sustain the adjustments to Mr. Aubuchon's income as determined in the NOD and sustain, in part, and overrule, in part, the increased deficiency respondent asserted in his Amendments to Answer.

A.    *Section 6651(a)(1) Addition to Tax*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month (or fraction thereof) for which there is a failure to file a return, not to exceed 25% in the aggregate. To carry his burden of production with respect to a section 6651(a)(1) addition to tax, the Commissioner must introduce evidence showing that a return was filed after the due date. *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Mr. Aubuchon's 2017 tax return was due on or about April 15, 2018. *See* I.R.C. §§ 6072(a), 6081(a). Respondent has established that Mr. Aubuchon did not request an extension of time to file, and the IRS did not receive his personal return until April 21, 2021. Moreover, the record is clear that Mr. Aubuchon received notice that he had not filed his personal tax return for year 2017 sometime in 2019 and that he intentionally chose to delay his filing until two years later. *See supra* note 4. Therefore, we find respondent has carried his burden of production with respect to the section 6651(a)(1) addition to tax.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on or before the date prescribed unless the taxpayer proves that such failure is due to reasonable cause and not due to willful neglect. *See* Treas. Reg. § 301.6651-1(c). "Willful neglect" is "conscious, intentional failure or reckless indifference." *United States v. Boyle*, 469 U.S. 241, 245 (1985). Whether there was reasonable cause (and not willful neglect) is a question of fact "answered on the basis of the circumstances of the individual case." *Grecian Magnesite Mining, Indus.*

---

[8] Mr. Aubuchon acknowledged being a partner and receiving this Schedule K–1 for the tax year in question.

[9] We do not find this issue to be a matter of jurisdiction, since there have been no adjustments made thereto requiring a Final Partnership Administrative Adjustment or separate partnership proceeding, since here Mr. Aubuchon simply failed to report his distributive share of partnership-sourced income, as reported by Angellist on Schedule K–1, on his personal tax return.

**[\*8]** *& Shipping Co. v. Commissioner*, 149 T.C. 63, 94 (2017), *aff'd*, 926 F.3d 819 (D.C. Cir. 2019); *accord Boyle*, 469 U.S. at 249 n.8.

Respondent asserted the addition to tax for the first time in his Amendments to Answer, raising the question of which party bears the burden of proof regarding the availability of the reasonable cause exception. Generally, once the Commissioner satisfies his burden of production under section 7491(c) establishing the appropriateness of a determined penalty, the taxpayer then bears the burden of proving exculpatory facts such as reasonable cause. *See RERI Holdings I, LLC v. Commissioner*, 149 T.C. 1, 39 (2017), *aff'd sub nom. Blau v. Commissioner*, 924 F.3d 1261 (D.C. Cir. 2019). Nonetheless, under Rule 142(a), the Commissioner bears the burden of proof for any new matter, which includes this addition to tax since it was only first sought in respondent's Amendments to Answer. In sum, the burden of proof remains on respondent to establish the absence of reasonable cause, justifying imposition of this addition to tax against Mr. Aubuchon. *See* Rule 142(a).

At trial respondent established that Mr. Aubuchon intentionally chose to delay filing his 2017 personal income tax return until what he perceived was the last day to file and claim a refund. The record also reflects that nothing prohibited Mr. Aubuchon from timely filing his 2017 tax return. Accordingly, we find respondent has established the absence of reasonable cause and the presence of willful neglect with respect to the section 6651(a)(1) addition to tax. In sum, we sustain this addition to tax.

B.      *Section 6662 Accuracy-Related Penalty*

Respondent in his Amendments to Answer asserts the section 6662(a) accuracy-related penalty for an underpayment of tax required to be shown on a return that is attributable to negligence under section 6662(b)(1) and a substantial understatement of income tax under section 6662(b)(2). Section 6662(a) imposes a penalty equal to 20% of the portion of the underpayment of tax attributable to a taxpayer's negligence or disregard of rules or regulations, or for a substantial understatement of income tax. An understatement is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return for the taxable year, or $5,000. I.R.C. § 6662(d)(1) and (2). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to maintain adequate books

**[\*9]** and records or to substantiate items properly. *See* I.R.C. § 6662(c); Treas. Reg. § 1.6662-3(b)(1).

Respondent bears the burden of production and must come forward with sufficient evidence indicating that it is appropriate to impose the penalty. *See* I.R.C. § 7491(c). Mr. Aubuchon's understatement shown on his return for tax year 2017 is a substantial understatement of income tax since it exceeds the greater of 10% of the tax required to be shown on the return (which is at least $11,920 for 2017) or $5,000. With respect to negligence, respondent has likewise established that Mr. Aubuchon filed a tax return based on a frivolous legal position. Accordingly, we determine Mr. Aubuchon was negligent under section 6662(c) in taking such frivolous legal positions on his return. Therefore, respondent has met his burden of production as to this penalty by showing that Mr. Aubuchon substantially understated his income tax, or in the alternative, that the underpayment was due to his negligence or disregard of the rules or regulations.[10] Similarly, on the basis of the evidence before us we conclude this penalty was timely approved by respondent counsel's immediate supervisor. *See* I.R.C. § 6751(b).

As with the additions to tax, the assertion of this penalty again raises the question of which party bears the burden of proof regarding the availability of the reasonable cause exception. As discussed above, the burden of proof remains on respondent to establish the absence of reasonable cause, justifying imposition of this penalty against Mr. Aubuchon. *See* Rule 142(a).

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if there was reasonable cause for such portion and the taxpayer acted in good faith with respect thereto. I.R.C. § 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith (notwithstanding the underpayment) depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability, the knowledge and the experience of the taxpayer, and (if applicable) the

---

[10] We note that stacking accuracy-related penalties is not permitted, meaning the maximum amount of the accuracy-related penalty imposed on a portion of an underpayment of tax is 20% of that portion, even if that portion of the underpayment is attributable to more than one type of misconduct proscribed under section 6662(b). *See New Phoenix Sunrise Corp. & Subs. v. Commissioner*, 132 T.C. 161, 195 (2009), *aff'd*, 408 F. App'x 908 (6th Cir. 2010).

**[\*10]** reliance on the advice of a professional, such as an accountant. Treas. Reg. § 1.6664-4(b)(1).

In considering reasonable cause and good faith the most important factor is generally the extent of the taxpayer's effort to assess the correct tax liability. Treas. Reg. § 1.6664-4(b)(1). We look at all circumstances, including the taxpayer's education, efforts to assess the liability in question, and reliance on the advice of a professional. Mr. Aubuchon did not consult a tax professional; however, he is well educated.[11] While an honest misunderstanding of fact or law, viewed in the light of all other facts and circumstances, may be the basis for reasonable cause, we find that is plainly not the case here. Mr. Aubuchon does not make the argument that he has made an honest mistake or misunderstood the law; rather, he continues to make only frivolous arguments. Therefore, after considering the evidence before us, we find respondent has well established the absence of reasonable cause. Accordingly, we will sustain the section 6662 accuracy-related penalty as asserted by respondent in his Amendments to Answer.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*

---

[11] As we have said, Mr. Aubuchon is the quintessential tax protester. While his chosen arguments are the kind that have long been held frivolous by this court, the research accomplished and the application of knowledge to his situation demonstrate that Mr. Aubuchon understands his tax liability.